May it please the court, counsel, my name is Thomas Mag and I represent Jane Lipe. The issue before the court today is whether the so-called neutral site fee under the facts of our case is constitutional. The primary basis for our claim that it's unconstitutional in fact the primary authority in this case as cited in the brief is the Illinois Supreme Court case of Crocker v. Fennelly which is cited in the case. In sum the Illinois legislature passed a statute which the council in Peoria County had subsequently adopted that purported to authorize a fee be charged on civil litigants to for a quote neutral site exchange center. This case is substantially identical to what the Illinois Supreme Court and Crocker v. Fennelly declared to be unconstitutional. There are only two different real differences between Crocker and Fennelly in this case. Crocker dealt only with matrimonial cases, i.e. divorce cases. This case deals with all civil cases. The funding mechanism in Crocker dealt with domestic violence abuse shelters. In this case what's being funded by the tax on the court is a child custody exchange center. There is no dispute in this case as the defendants have admitted in requests to admit that the fee charged in this case does not directly go to support or maintain the court system. That's a request to admit response by the defendant. The response is in the record, a copy of the request to admit answers under oath are attached in the appendix on our brief. What is also in those requests to admit answers is that this fee does not go to support any of the things that have been historically upheld as surcharges on filing fees, such as court automation, arbitration dockets, bailiff salaries, court salaries, those kinds of things. There is essentially a request to admit response on every, that's based on essentially every single reported case we could find out there, requesting the defendants to admit that the fee in this case is not what was upheld in the other case, and they admit those. Crocker v. Finley makes clear that while court systems can charge fees to reimburse costs, that a charge is not a fee if it does not go to reimburse a cost, and in that situation it becomes a tax. Crocker is also clear that a tax can be levied on litigation, so that's technically permissible, but only to support and maintain the operation of the court system, which per the request to admit answers from the defendant, we know it doesn't do. The most that the defendant can say in this case, and most they have said, is that it supports ancillary services, although they don't really get into what those ancillary services are. By the same token, a domestic violence shelter, as was declared unconstitutional in Crocker v. Finley, could provide ancillary benefits to a court system, because if the alleged domestic abuse victim is separated from their abuser, further incidents cannot take place. By the same token, a driver's education surcharge would probably reduce the number of traffic tickets, but none of that goes to directly support the operation and maintenance of the court. Crocker makes clear that if court charges imposed on a litigant are fees if assessed to defray the expenses of litigation, however, a charge having no I shouldn't be relying more on the fourth district case of Prenzler. Primarily. I mean, I know one district. Did you say Prenzler? Yeah. That fifth district case? Yes, that's fifth district. Fifth district, yes. You threw me there, I apologize. Okay. It is the same fact scenario we have here, minus the fact that the fifth district finds that the charge supports the court system there, something we have in our request to admit answer that is not true here. Furthermore, a Supreme Court decision is always precedent on the lower courts. This court is not bound by the holding in the fifth district, and I'll be totally candid with the court. I argued the case in front of the fifth district in Prenzler, which the decision came out subsequent to the briefing herein. But I believe Crocker controls this case because Crocker being the Supreme Court decision is binding precedent on this court, unlike Prenzler, which is not binding precedent on this court, although it is persuasive. I also contend that Prenzler is wrong because it conflicts with Crocker. Was there a petition for leave to appeal? There was one filed on that. Candidly, it was denied. I don't know if a petition for rehearing on that has been filed or not. If one has, I'm not personally aware of it. So unless the court has any other questions, that's the crux of my argument. Thank you. Thank you. Mr. Gabelhausen. My name is Stephen Gabelhausen. I represent the defendant, Apple East, Edward O'Connor. He's a Peoria County treasurer, and Robert Spears, the circuit clerk of Peoria County. I'd first like to address the issue that he raised on the request to admit. It's true in the request to admit, we did say that there's no direct payment to the court system. But we also made clear that there are indirect payments that are made. Our line of thinking was, well, we don't pay the judges with this fee, we don't pay the clerks with this fee. So therefore, that's what we consider direct payments. Attached to my motion to dismiss, there was an affidavit from the court administrator, testifying to the fact that this money is all in the court administration's budget, it's not in the general fund of the county, and it only goes to pay for the neutral site exchange. And if there's any money left over, it's used for guarding and lockers. So that's what I'd like to address as far as Mr. Meg pointing out that we admitted that there's no direct payment. But we believe that these ancillary services, having this neutral site exchange, it relieves the burden on the court. Courts don't constantly have to get involved in these custody exchanges. We have a limited number of judges in our courtrooms. If we have to pull judges away to do these custody things constantly, which will happen without the neutral site, then other cases get backed up, we've got a backlog. So therefore, we contend that this does relieve the burden on the court, and makes for more efficient justice. Counsel points out he believes Crocker is controlling this case, and I agree with him. This is a lynchpin case, but I think under Crocker, we're okay, we meet that test. This fee goes for the administration of the courts. Even though he cites Crocker, I believe it works both ways. It helps us too. If there's any questions, I'd be glad to answer. In your contention that it goes to the administration of the courts in that it reduces the number of post-decree or interference with visitation cases that come before the court, and so that's how it is? That's correct, Your Honor. Yes, any money that's left over from the fees spent on the neutral site exchange itself, those service providers then go to Guardian Atlantis. It's part of the affidavit of John Flynn, our court administrator. No, he didn't break down the amounts. Okay, I guess that's all. Thank you. Thank you, Mr. Guevara. Mr. May, any rebuttal? Very quickly, Your Honor, thank you. As Your Honor noted, there is nothing broken down in the record as to show what percentage, from a practical standpoint, any of it goes to anything other than the visitation center. Whether it's a penny or more, we don't know. But even assuming that a penny goes to the Guardian item fund, that could potentially be an issue for damages with the remaining amount that does not go to that being the appropriate remedy in this case. I would also note that our Supreme Court in Crocker made the comment, if the domestic violence services are deemed sufficiently court-related to validate the funding scheme, countless other social welfare programs would qualify for monies obtained by taxing litigants. Respectfully, the same is true here. If this is closely enough related to a court system to justify a tax on litigants, I can literally think of thousands upon thousands of things that our General Assembly could and would impose on filing fees for litigants in this case. Driver's education fees. Right down the list. This is a slippery slope. Crocker said this further, no more. This case goes further than Crocker. I would respectfully request that your honors reverse and remand this case back to the circuit court. Thank you. Thank you very much, Mr. Magg. And thank you both for your argument today. We will take this matter under advisement and get back to you as a written disposition within a short time.